UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**WENDALL B. SCHAFFER** : **DOCKET NO. 17-cv-1082**
    **REG. # 31431-074**     **SECTION P**

**VERSUS** : **UNASSIGNED DISTRICT JUDGE**

**CALVIN JOHNSON** : **MAGISTRATE JUDGE KAY**

**REPORT AND RECOMMENDATION**

Before the court is the pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by Wendall B. Schaffer. Schaffer is an inmate in the custody of the Bureau of Prisons and is currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that the action be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**I.**
**BACKGROUND**

On September 7, 2005, Schaffer was indicted in the United States District Court for the Eastern District of Tennessee on one count of possessing a firearm not registered to him, a violation of 26 U.S.C. § 5861(d), and one count of being a convicted felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1) and the Armed Career Criminal Act ("ACCA"),

18 U.S.C. § 924(e).[1] *United States v. Schaffer*, No. 3:05-cr-0107, doc. 1 (E.D. Tenn. May 24, 2007). Pursuant to a plea agreement, the first charge was dismissed and Schaffer was convicted of the felon in possession charge. *Id.* at docs. 64 & 65; *see id.* at doc. 70. A sentencing hearing was held on May 21, 2007, at which Schaffer was determined to be an armed career criminal under the ACCA and § 4B1.4 of the United States Sentencing Guidelines, based on prior convictions including aggravated burglary under Tennessee law.[2] *Id.* at doc. 69; *id.* at doc. 84, p. 2. Accordingly, he was sentenced to a 204 month term of imprisonment. *Id.* at docs. 69, 70.

Schaffer filed a motion to vacate under 28 U.S.C. § 2255 on August 25, 2014, and supplemented that motion on May 4, 2015. *Id.* at docs. 74, 79. There he argued that the armed career criminal enhancement did not apply to him, as his aggravated burglary convictions no longer qualified as violent felonies based on the Supreme Court's guidance in *Descamps v. United States*, 133 S.Ct. 2276 (2013). On May 30, 2017, the Eastern District of Tennessee denied his motion as time-barred and stated that any application for a certificate of appealability would be denied. *Id.* at doc. 92.

Schaffer now seeks relief in this court under 28 U.S.C § 2241, arguing that he is entitled to resentencing without the ACCA enhancement because of the Supreme Court's recent guidance in *Mathis v. United States*, 136 S.Ct. 2243 (2016), and the Sixth Circuit's subsequent holding in *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017), that Tennessee aggravated burglary convictions no longer qualified as violent felony predicate offenses under the ACCA.

---

[1] The Armed Career Criminal Act requires a fifteen year mandatory minimum sentence for a person convicted of violating 18 U.S.C. § 922(g) who has three previous convictions in any court "for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1).

[2] Section 4B1.4 is the Guidelines provision implementing the ACCA. *See* U.S.S.G. § 4B1.4(a). The presentence investigation report, which would contain the list of predicate offenses, is not available to us. These offenses, however, are recorded in the government's opposition to Schaffer's § 2255 motion and as predicate offenses for the felon-in-possession charge in the indictment. *Id.* at docs. 1, 84.

## II.
### LAW & ANALYSIS

*Habeas corpus* petitions filed pursuant to 28 U.S.C. § 2241 are generally used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). A motion to vacate sentence filed pursuant to 28 U.S.C. § 2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Here Schaffer collaterally attacks his incarceration, arguing that he has been subjected to an illegal sentence. Therefore, his claim should be advanced in a motion to vacate.

The savings clause of 28 U.S.C § 2255 permits a petitioner to seek *habeas* relief under § 2241 when the remedy provided under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "A § 2241 petition is not, however, a substitute for a motion under § 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). The fact that a prior motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. *Id.*

Instead, Schaffer must demonstrate the following to satisfy § 2255's savings clause: (1) that his claim is based on a retroactively applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense, **and** (2) that his claim was foreclosed by circuit law at the time when it should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena v. United States*, 243 F.3d 893, 903–04 (5th Cir. 2001).

As noted supra, the decisions from the Supreme Court and Sixth Circuit cited by Schaffer do show that the ACCA enhancement may no longer be applicable to him. However, this does not

suggest that he may have been convicted of a nonexistent offense. The Fifth Circuit remains unpersuaded "that the savings clause permits sentencing challenges." *Griffin v. Maiorana*, 647 Fed. App'x 430, 432 (5th Cir. 2016); *see In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011) ("[A] claim of actual innocence of a [sentencing] enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241.") Accordingly, it has rejected attempts to satisfy the savings clause based on Supreme Court decisions impacting the ACCA. *Shipp v. Chapa*, 698 Fed. App'x 202, 202–03 (5th Cir. 2017). Thus, Schaffer's cases do not satisfy the requirements for advancing his claims in this court under § 2241 and his petition must be dismissed for lack of jurisdiction. *Rodriguez v. Jones*, 533 Fed. App'x 463, 464 (5th Cir. 2013). Such a dismissal, however, would not bar him from seeking relief based on *Mathis* and *Stitt* in a second or successive § 2255 motion in the Eastern District of Tennessee. *See, e.g.*, *Crowder v. United States*, 2017 WL 3668432 at *1 n. 1 and accompanying text (E.D. Tenn. Aug. 24, 2017) (authorizing a second or successive § 2255 motion based on *Johnson v. United States*, 135 S.Ct. 2551 (2015) and *Stitt*).

### III.
#### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that this matter be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon

-5-

grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

    THUS DONE AND SIGNED in Chambers this 2nd day of January, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE